UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS GASPAR RAMIREZ,

                          Plaintiff,

          -against-

WARDEN SMITH; DEPUTY OF SECURITY
CAPUTO; ASSISTANT DEPUTY WARDEN
OF SECURITY SANCHEZ; CAPTAIN OF
SECURITY KINLOCH,

                          Defendants.

18-CV-0283 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, currently a pretrial detainee in the Anna M. Kross Center on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his

constitutional rights. By order dated June 18, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below,

the Court grants Plaintiff leave to file a second amended complaint within sixty days of the date

of this order.[2]

## STANDARD OF REVIEW

          The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] On May 3, 2018, Plaintiff amended his complaint, without direction from the Court.

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its limits, however, because *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Carlos Gaspar Ramirez is currently detained by the New York City Department of Correction (DOC). He brings this action alleging that his constitutional rights have been violated. Plaintiff's 13-page amended complaint[3] consists almost entirely of quotes from the Constitution and from case law. In his original complaint, he alleges that he is classified as "Red I.D." and that as a result, he has to wear a used orange jumper and be shackled when he is transported to court proceedings. He characterizes these procedures as "uncomfortable" and "inhumane." The handcuffs and ankle cuffs were too tight and caused pain and burning. In his amended complaint, Plaintiff asserts that he has been transported "in enhanced restraints like an animal," but that he "was never given a single hearing to properly address the severe deprivation and infliction of punishment." (Am. Compl.at 9.) Plaintiff further alleges that he has been "illegally enslaved against his will without his consent." (*Id.* at 4.)

Plaintiff does not specify when these alleged events occurred or identify the prison officials involved. A review of the Court's records reveals that on May 22, 2018, Plaintiff filed a complaint, raising many of the same claims that he raises in this complaint. By order dated July 23, 2018, Plaintiff was directed to amend his complaint in that case to detail his claims that he was subjected to unconstitutional searches and unconstitutional conditions of confinement. *See Ramirez v. City of New York*, No. 18-CV-4528 (CM) (S.D.N.Y. July 23, 2018). Plaintiff did not amend his claims, and on October 12, 2018, the action was dismissed for failure to state a claim. *See Ramirez*, No. 18-CV-4528 (CM) (S.D.N.Y. Oct. 12, 2018).

---

[3] Plaintiff filed an amended complaint on May 3, 2018. In it, he states his intention to incorporate the facts from his original complaint. The Court therefore treats the original and amended complaints as the operative pleading.

**DISCUSSION**

**A.     Thirteenth Amendment Claim**

Under the Thirteenth Amendment, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const., Art. XIII. In *United States v. Kozminski*, 487 U.S. 931, 952 (1988), the Supreme Court defined involuntary servitude as "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process."

Plaintiff, who is in the custody of the New York City Department of Correction following his August 1, 2017 arrest for conspiracy, does not provide any support for his claim that he is enslaved at Rikers Island.[4] *See, e.g.*, *Dunn v. Prince*, 327 F. App'x 452, 454 (5th Cir. 2009) (rejecting the petitioner's "conclusional assertion that he was 'sold' into slavery because [the municipality] receive[d] payment from the [department of corrections] for all individuals held in the [county jail]"). Instead, Plaintiff asserts that he is subject to "any and all 'Institutional' rules set by the oppressive defendants." (Am. Compl. at 4.) Such a claim is more appropriately brought as a Fourteenth Amendment challenge to his conditions of confinement. Therefore, Plaintiff's Thirteenth Amendment claim fails on the merits and must be dismissed.

In addition, if Plaintiff seeks release or this Court's intervention in his pending state-court criminal proceedings, the Court abstains under *Younger v. Harris*, 401 U.S. 37 (1971) from

---

[4] A review of the New York City Department of Correction records reveals that on May 15, 2019, Plaintiff was convicted of conspiracy in the first degree, a class A felony, and his next court date is August 15, 2019. *See* http://a073-ils-web.nyc.gov/inmatelookup/ (last visited June 24, 2019).

intervening in Plaintiff's ongoing criminal proceedings.[5] Whatever challenges Plaintiff seeks to raise regarding his criminal case, he must do so in his state-court matter, not in a § 1983 proceeding. *See Younger*, 401 U.S. 37; *see also Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

## B.     Due Process Claims

For pretrial detainees, the Due Process Clause of the Fourteenth Amendment protects an individual's right to be free of punishment before an adjudication of guilt, and pretrial detainees possess a liberty interest in avoiding conditions of confinement that "amount to punishment of the detainee." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979).

### 1.     Red ID status

Plaintiff challenges his security classification as "Red I.D." and the resulting restrictions on him, including the fact that he is transported in restraints. He asserts that he "was never given a single hearing to properly address the severe deprivation and infliction of punishment." (Am. Compl. at 9.)

"Inmates who have been found to possess a weapon while in the . . . custody [of the DOC] are assigned Red I.D. status." *Benjamin v. Fraser*, 264 F.3d 175, 181 (2d Cir. 2001). This status requires the inmate to wear a red identification card, thereby subjecting him to special attention during jail searches and strip frisks. *Id.* Red I.D. status also places an inmate in specialized restraints called "security mitts" when moved anywhere outside of the facility. *Id.* Although Red I.D. status may be imposed by the warden or deputy warden without prior notice

---

[5] In *Younger*, the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Kirschner v. Klemons*, 225 F.3d 227, 233 (2d Cir. 2000) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)).

or an opportunity to be heard, *id.* at 182, a pretrial detainee is provided the following procedural protections: (1) within 72 hours after placing an inmate in Red I.D. or restraint status, the inmate is afforded a hearing, pursuant to the Supreme Court's holding in *Wolff v. McDonnell*, 418 U.S. 539 (1974); (2) within 72 hours of the hearing, a written decision must be prepared by the hearing officer and given to the inmate; (3) an appeal from placement in Red I.D. status must be reviewed within 7 days; (4) inmates shall be given the opportunity to seek further review based upon good cause; and (5) inmates subjected to Red I.D. status must receive monthly medical reviews. *Benjamin*, 264 F.3d at 183 (citing *Benjamin v. Kerik*, No. 75 Civ. 3073 (HB), slip op. at 2-3 (S.D.N.Y. Aug. 10, 2000)); *see id*. at 190 (affirming the district court's direction to the DOC to provide inmates due process procedures pursuant to *Wolff* after being placed into Red I.D. status).

Plaintiff's allegations concerning his "Red I.D." security classification fail to state a due process claim. Should plaintiff choose to amend his complaint to reallege this claim, he must describe the circumstances leading to the assignment of Red I.D. status and state whether he was afforded a hearing and given a written decision at any time before or after his placement. Plaintiff should provide a short plain statement of the relevant facts supporting his claim by describing the events leading to and following his placement in Red I.D. status. Plaintiff must also name as Defendants in the caption of the amended complaint the individuals responsible for the violations and in his statement of claim, state how each Defendant was involved in the deprivation of his rights.

2.    DOC Rules

Plaintiff also alleges that he is subject to "any and all 'Institutional' rules set by the oppressive defendants." (*Id.* at 4.) "[A]s a general rule, conditions of confinement imposed in pretrial detention do not give rise to a violation of a prisoner's due process rights unless they are

punitive." *Palacio v. Pagan*, 345 F. App'x 668, 669 (2d Cir. 2009). Conditions that are reasonably related to a legitimate government purpose do not, without more, violate this standard. *Id.* at 539. "Absent a showing of an expressed intent to punish, the determination whether a condition is imposed for a legitimate purpose or for the purpose of punishment 'generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Benjamin*, 264 F.3d at 188 (quoting *Bell*, 441 U.S. at 538).

It is well settled that prison administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security . . . [and thus,] courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 547-48; *see also Walker v. City of New York*, No. 11-CV-9611 (PKC) (JLC), 2012 WL 3037308, at *2 (S.D.N.Y. July 25, 2012). "[I]n assessing whether restrictions on pretrial detainees comport with substantive due process, '[a] court must decide whether the [restriction] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell*, 441 U.S. at 538)) (alterations in original), *cert. denied*, 139 S. Ct. 49 (2018).

Plaintiff's allegations do not suggest that the conditions imposed on him were so extreme that they "smack[ ] of punishment." *See, e.g., Valdez v. City of New York,* No. 11-CV-5194 (PAC) (DF), 2014 WL 2767201, at *2 (S.D.N.Y. June 17, 2014) (finding that the plaintiff's conditions of confinement did not "smack of punishment" where the plaintiff and his family were subjected to invasive searches, generally rough treatment, and regular segregated confinement among

others who were similarly classified, and noting that the plaintiff may be able to show

punishment if he could show that he was subjected to excessive solitary confinement).

Plaintiff therefore has not stated a plausible due process claim regarding the DOC rules.

But, because of Plaintiff's *pro se* status, the Court grants him leave to amend his complaint to

address these deficiencies.

### C.    Excessive Force Claim

In the injury section of his original complaint,[6] Plaintiff alleges "handcuffs & ankle cuffs

to[o] tight in which caused pain & burning from twisting & turning." (Compl. at 5.) For those

plaintiffs who are not convicted prisoners, the right to be free from excessive force arises under

the Fourteenth Amendment. *See Edrei v. Maguire*,892 F.3d 525, 533 (2d Cir. 2018). To state such

a claim, a plaintiff must allege facts showing that defendants engaged in an "exercise of power

without any reasonable justification in the service of a legitimate government objective." *Id.*

(citation omitted); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (a pretrial

detainee can prevail on an excessive-force claim by showing "that the force purposely or

knowingly used against him was objectively unreasonable.").

Plaintiff's allegations suggest that he seeks to assert a claim that correction officers used

excessive force against him that was objectively unreasonable. But Plaintiff does not explain

what happened and he fails to identify the correction officers who allegedly used excessive force

against him. If Plaintiff amends his complaint, he must name as Defendants the individuals

responsible, explain what happened, and describe the extent of his injuries.

---

[6] Although Plaintiff does not specifically reallege this claim in his amended complaint, he does indicate that his amended complaint "FULLY incorporates each and every single word, sentence, paragraph, assortment and statement made within the submission dated January 11, 2018.) (Am. Compl. at 1.)

**D.     Unlawful Search Claim**

Plaintiff alleges that he has been subjected to unreasonable searches and seizures, in violation of the Fourth Amendment. When determining whether a search is constitutional, courts balance "the need for a particular search . . . against the resulting invasion of personal rights." *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318 (2012). Correction officials can conduct "random searches" of inmates, including pretrial detainees, without having "reason to suspect a particular individual of concealing a prohibited item." *Id.* But, to comply with the Fourth Amendment, searches must be "reasonably related to legitimate penological interests." *Turkmen v. Hasty*, 789 F.3d 218, 260 (2d Cir. 2015) (discussing how daily strip-searches conducted "when there was no possibility that [detainees] could have obtained contraband" do not relate to a legitimate penological interest). Searches that involve intentional humiliation, abuse, or invasive touching may also violate the Fourth Amendment. *Florence*, 566 U.S. at 339.

Plaintiff does not describe how and why these searches occurred; he merely indicates that they occurred and concludes that they were unconstitutional. The Court therefore grants Plaintiff leave to assert a Fourth Amendment claim by providing more facts about these searches.

**E.     Personal Involvement**

Plaintiff names as Defendants Warden Smith, Deputy of Security Caputo, Assistant Deputy Warden of Security Sanchez, and Captain of Security Kinloch, but he fails to detail how these individuals were involved in the alleged deprivation of his rights.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983

solely because that defendant employs or supervises a person who violated the plaintiff's rights.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[7]

Plaintiff does not allege any facts showing how Defendants were personally involved in the events underlying his claims. Should Plaintiff choose to amend his complaint, he must name the individuals involved in the alleged deprivation of his rights and allege facts showing how each Defendant was personally involved.

## LEAVE TO AMEND

The Court grants Plaintiff leave to amend his complaint to provide enough facts to support his conditions-of-confinement, excessive force, and unlawful search claims. Plaintiff should provide facts, if he chooses to amend the complaint, suggesting that Defendants subjected him to cruel and unusual punishment, used excessive force against him, and subjected him to unlawful searches.

---

[7] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff must name as the defendant(s) in the caption[8] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[9] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

---

[8] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[9] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 18-CV-0283 (CM). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED

Dated:    August 19, 2019
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**SECOND AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 2:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 3:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 4:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

## V.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                         Plaintiff's Signature

_____
First Name                            Middle Initial            Last Name

_____
Prison Address

_____
County, City                                    State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____